UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DESMOND AARON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-04598-JPH-TAB |
| ) | |
| B. RUST Correctional officer, ) | |
| D. TEMPLE Correctional officer, ) | |
| C. COOPERIDER Lt., correctional officer, ) | |
| ) | |
| Defendants. ) | |

**Entry Screening Amended Complaint and Directing Further Proceedings**

Plaintiff Desmond Aaron, an inmate at Pendleton Correctional Facility ("PCF"), brings this 42 U.S.C. § 1983 action alleging that he was subjected to excessive force and retaliation by the defendants. Because Mr. Aaron is a "prisoner," the Court must screen his amended complaint, dkt. [12]. 28 U.S.C. § 1915A(a), (c).

**I. Screening Standard**

Pursuant to § 1915A(b), the Court must dismiss the amended complaint, or any portion of the amended complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

1

## II. The Amended Complaint

The amended complaint names the same defendants: Correctional Officer B. Rust, Correctional Officer D. Temple, and Lt. C. Cooperider. Mr. Aaron seeks compensatory and punitive damages and injunctive relief.

The following facts were alleged in his original complaint, dkt. [1] at 6–13, and were repeated verbatim in his amended complaint, dkt. [12] at 8–12:

Mr. Aaron alleges that on October 3, 2019, he was assaulted without reason by the defendants. Mr. Aaron alleges that the officers slammed his head on the concrete and twisted his ankles and wrists, causing extreme pain and a possible concussion. Mr. Aaron alleges the defendants refused to obtain medical treatment for Mr. Aaron in an effort to cover up the assault.

Mr. Aaron also alleges that Lt. Cooperider has abused Mr. Aaron's rights on other occasions. He alleges Lt. Cooperider refused to provide Mr. Aaron meals several times and once read Mr. Aaron's request for healthcare without permission and wrote a conduct report for the contents of the request. The conduct report was subsequently dismissed. Mr. Aaron alleges that Lt. Cooperider's actions amount to retaliation.

The following facts were first alleged in his amended complaint:

On February 20, 2020, Mr. Aaron was assaulted by an unknown correctional officer. He alleges the officer sprayed him with mace saying he was not the lieutenant or other correctional officers (presumably referring to the defendants) and that if he filed a complaint there would be a problem. He alleges this assault violated his Eighth Amendment rights.

On February 20, 2020, Mr. Aaron was placed in segregation. He was not provided with new clothing or hygiene until March 2, 2020, despite the fact that the clothing he had was contaminated with mace. For eleven days, he was unable to practice any personal hygiene.

Mr. Aaron spoke with the property room officer D. Davis about needing new items, and D. Davis told him that he knew what Mr. Aaron needed and, if he kept asking, it would just take longer. Mr. Aaron believes the delay was out of retaliation for the encounter between Mr. Aaron and the unnamed correctional officer from the macing incident.

Mr. Aaron was released from segregation on March 5, 2020. No conduct report was ever written up about the February 20 incident. He was placed back in the same cell house with the correctional officer who had assaulted him, despite telling other staff that he felt unsafe around this officer.

### III. Discussion of Claims

The claims identified in the first screening will proceed. That is, Mr. Aaron's Eighth Amendment excessive force claims against Correctional Officer B. Rust, Correctional Officer D. Temple, and Lt. C. Cooperider **shall proceed**, and Mr. Aaron's First Amendment retaliation claim against Lt. Cooperider **shall proceed**. Further, the Court also identifies an Eighth Amendment deliberate indifference claim for failure to seek medical care for Mr. Aaron's injuries after the assault, which **shall proceed** against Correctional Officer B. Rust, Correctional Officer D. Temple, and Lt. C. Cooperider.

The claims surrounding the February 20 incident and subsequent time in segregation are **dismissed for failure to state a claim upon which relief can be granted**. Mr. Aaron does not allege that Correctional Officer B. Rust, Correctional Officer D. Temple, or Lt. C. Cooperider were involved in the assault or segregation. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted).

3

The only parties involved—the unnamed correctional officer and Officer Davis—are not defendants in this action. Nor should they be. A plaintiff may join defendants in a single lawsuit only if the grounds for relief "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and "[some] question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "Misjoinder of parties is not a ground for dismissing an action." Fed. R. Civ. P. 21. But complaints with misjoined defendants should be rejected, "either by severing the action into separate lawsuits or by dismissing improperly joined defendants." *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011). The new allegations in Mr. Aaron's amended complaint involve a completely separate assault and poor conditions while in segregation. If Mr. Aaron wishes to pursue these claims, he must do so with a separate complaint in a separate action. *Owens*, 635 F.3d at 952. However, the Court notes that any claim against an unnamed defendant would be dismissed because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back ... nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

### IV. Conclusion

The amended complaint, dkt. [12], is now the operative complaint in this action. Eighth Amendment excessive force and deliberate indifference claims shall proceed against Correctional Officer B. Rust, Correctional Officer D. Temple, and Lt. C. Cooperider. A First Amendment retaliation claim against Lt. Cooperider **shall proceed**. The defendants shall file their answer within **fourteen days** of this Order.

If Mr. Aaron wishes to pursue claims related to the February 20 incident and subsequent placement in segregation, he must file a separate lawsuit.

**SO ORDERED.**

Date: 6/11/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

DESMOND AARON
999062
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

Mollie Ann Slinker
INDIANA ATTORNEY GENERAL
mollie.slinker@atg.in.gov